

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESPARZA ENTERPRISES, INC. and LUIS ESPARZA, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BURLINGTON INSURANCE CO., <br><br> Defendant - Appellee. | No. 11-17110 <br><br> D.C. No. 1:10-cv-1079-LJO-JLT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 17, 2013
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, Senior District Judge.[**]

Esparza Enterprises, a farm labor contractor, and its owner Luis Esparza

(collectively "Esparza") assert that Burlington Insurance Company ("Burlington"),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Esparza Enterprises's general liability insurance carrier, wrongfully refused to defend and to indemnify Esparza for liability arising from the death of an Esparza employee. The district court granted summary judgment to Burlington on Esparza's claims for breach of contract and breach of the implied covenant of good faith and fair dealing, finding that three separate provisions in the Burlington policy at issue excluded the underlying claim from coverage. We agree with the district court that the Burlington policy's employer's liability exclusion and contractual liability exclusion preclude coverage for the underlying action. We do not reach the question whether the automobile exception applies under the circumstances of this case.

Tellingly, Esparza does not argue that the plain meaning of the employer's liability exclusion and the contractual liability exclusion are ineffective to deny coverage for defense and indemnity. Instead, Esparza, who purchased the policy with the assistance of a broker, argues that the relevant policy provisions and amendments incorporating the pertinent exclusions were inconspicuous and inconsistent with the expectations of a reasonable insured. However, under California law, the expectations of the parties to an insurance contract are relevant only when the contract language itself is ambiguous. *See In re K F Dairies, Inc. & Affiliates v. Fireman's Fund Ins.*, 224 F.3d 922, 925-26 (9th Cir. 2000). Moreover, the relevant provisions, which were listed at the beginning of the policy, accurately titled, and identified in large type, do

2

not qualify as "inconspicuous" under California precedent. *See Merrill & Seeley, Inc. v. Admiral Ins. Co.*, 225 Cal. App. 3d 624, 630-31 (1990) ("Courts have invalidated exclusions under the conspicuous requirement where (1) they are not included under the exclusion section and are placed on an overcrowded page; (2) they are included in a 'General Limitations' section but in a dense pack format; or (3) they are hidden in fine print in a policy section bearing no clear relationship to the insuring clause."). "An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." *Nat'l Ins. Underwriters v. Carter*, 17 Cal. 3d 380, 384 (1976) (internal quotation marks omitted).

**AFFIRMED.**